IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CASE NUMBER 6:23-CR-00027-JCB |
| v. § | |
| § | |
| § | |
| § | |
| JOSHUA CALEB TANNER, § | |
| § | |

# REPORT & RECOMMENDATION OF
# UNITED STATES MAGISTRATE JUDGE

On February 28, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Joshua Caleb Tanner. The government was represented by Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt, federal public defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute Methamphetamine, a Class C felony. This offense carried statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 27 and criminal history category of IV, was 120 to 125 months. On October 25, 2017, U.S. District Judge Elizabeth Foote of the Western District of Louisiana sentenced Defendant to 70 months imprisonment due to a downward departure, followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include drug and/or alcohol abuse testing and treatment. On April 25, 2022, Defendant completed his period of imprisonment and began service of the supervision term. The case was transferred to this district on March 3, 2023.

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession or use of a controlled substance, refrain from association with any persons engaged in criminal activities, remain in this federal judicial district unless authorized to leave, and participate in a program for the treatment of drug and/or alcohol addiction. In its petition, the government alleges that Defendant violated his conditions of supervised release on January 27, 2023, August 14, 2023, and August 23, 2023, by submitting urine specimens that tested positive for methamphetamine, and by admitting to using methamphetamine on December 15, 2023. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense. The government further alleges that Defendant violated his conditions of supervised release by associating with an individual who was involved in criminal activities, traveling outside of the district on January 22, 2023 without authorization, and refusing participation in his drug abuse program.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a). If the court finds by preponderance of the evidence that Defendant violated the terms of supervised release by associating with an individual who was involved in criminal activities, traveling outside of the district on January 22, 2023 without authorization, and refusing participation in his drug abuse program, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the

Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a). U.S.S.G. § 7B1.1(b) indicates that where there is more than one violation of conditions of supervision, as is the case here, the grade of the violation is determined by the violation having the most serious grade—in this case, a Grade B violation.

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 14 months imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to 14 months imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 1st day of March, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE